```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

SAI-E JOHARI,

        Plaintiff,

  vs.                              Civil Action 2:04-CV-679
                                          Judge Sargus
                                          Magistrate Judge King

FAITH MISSION INC., *et al.*,

        Defendants.

## REPORT AND RECOMMENDATION

This is a civil rights action under 42 U.S.C. §1981 in which plaintiff, who is proceeding without the assistance of counsel, alleges that his rights were denied him during his stay at the defendants' emergency shelter. The complaint, which was filed on May 26, 2004, names as defendants, *inter alia,* "Intaker Yahseen" and a summons was issued for "Intaker Yahseen" on July 28, 2004. Doc. No. 4. The United States Marshal Service returned the summons "unexecuted" on August 3, 2004, Doc. No. 5.[1] On January 18, 2005, a motion to dismiss was filed on behalf of this defendant, Doc. No. 18, for failure to effect service of process on him within 120 days after the filing of the complaint as required by F.R. Civ. P. 4(m).

Rule 4(m) provides in pertinent part as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the Court, upon motion or upon its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant. ...

---

[1] Service was attempted by the United States Marshal's Service in light of the plaintiff's *in forma pauperis* status.

Dismissal is appropriate for violation of Rule 4(m) absent a showing of good cause for failure to timely effect service of process. *Habib v. General Motors Corp.,* 15 F.3d 72, 73 (6th Cir. 1994).

The parties apparently agree that the person whom plaintiff attempted to serve as "Intaker Yahseen" is in actuality Yacine Sami.[2] In his response to the motion to dismiss, plaintiff contends that the listing of this defendant's job title and a phonetic spelling of his first name should have been sufficient to effect service of process.[3] Alternatively, plaintiff contends that service on defendants' attorneys was effective as to each of the individual defendants.

Service of process on this defendant has not been accomplished. Moreover, plaintiff does not explain why he did not take further steps to effect service of process after the Marshal's unsuccessful attempt in August 2004. Finally, in arguing that service should have been successful in August 2004, plaintiff does not even ask for an additional opportunity to effect service on this defendant.

It is therefore **RECOMMENDED** that the motion to dismiss, Doc. No. 18, be **GRANTED** and that the claims against defendant "Intaker Yahseen" or Yacine Sami be **DISMISSED** without prejudice.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C.

---

[2] The movant also contends, without any evidentiary support whatsoever, that "Mr. Sami no longer worked at the Mission at the time of service." *Defendant Yacine Sami's Motion to Dismiss for Lack of Personal Jurisdiction,* at 3.

[3] Plaintiff nowhere addresses whether service could effectively be made on this defendant at his place (or former place) of employment.

§636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. See *Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


March 30, 2005                                        *s/Norah McCann King*
                                                Norah M<sup>c</sup>Cann King
                                            United States Magistrate Judge

3